# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO TORRES, and<br>MATTHEW URIBE;<br><br>**Plaintiffs**<br><br>v.<br><br>COUNTY OF CALAVERAS,<br>a California general law county;<br>RICHARD DiBASILIO,<br>in his individual and official capacity as<br>Calaveras County Sheriff;<br>JOSHUA CRABTREE,<br>in his individual and official capacity as<br>Calaveras County Deputy Sheriff; and<br>DOES 1 thru 20,<br><br>**Defendants** | **CASE NO. 1:17-CV-1568 AWI-SKO**<br><br>**ORDER ON DEFENDANTS'<br>MOTION FOR A MORE DEFINITE<br>STATEMENT UNDER RULE 12(e)**<br><br>(Doc. 9) |

Plaintiffs have alleged multiple violations of their civil rights arising from Defendants' alleged seizure and destruction of approximately 5,000 pounds of marijuana from a cultivation site located in Calaveras County, CA. *See, generally,* Plaintiffs' Complaint, Doc. No. 1.

Defendants now move under Rule 12(e) for an order directing Plaintiffs to amend the complaint. Defendants request Plaintiffs identify the cultivation site by address and parcel number, and the Cannabis Cultivation Registration Application number (per County ordinances). Plaintiffs counter that the complaint—which identifies Plaintiffs, the amount of marijuana seized, and date of seizure—provides Defendants with "sufficient notice to identify any and all county records relating to Plaintiffs and their respective associations as registrants in the County's cannabis cultivation program." For the reasons that follow, Defendants' motion will be denied.

## 12(e) Analysis

Prior to filing a responsive pleading, a party may move under Federal Rule of Civil Procedure 12(e) for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail. *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012). Where the complaint is specific enough to appraise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied. *Id.*; *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) ("Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted."). Thus, motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005) (quoting *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

Here, the averments made in Defendants' 12(e) motion belie their stated need for a more definite statement. Defendants contend Plaintiffs' complaint must include information identifying the cultivation site, including the address and parcel number, as well as the cannabis cultivation registration number, so that "the issues can be narrowed." *See* Doc. No. 9. Defendants state they ultimately intend to submit a 12(b)(6) motion challenging Plaintiffs' standing to sue, contending Uribe and Torres have not received a permit to cultivate cannabis, the true party-in-interest currently has a writ pending concerning the denial of a registration request, and a search warrant was in fact issued for the seizure of the cannabis. *Id.* Thus, Defendants appear to be aware of the cultivation site at issue in this litigation, contradicting the need for Plaintiffs to more-specifically identify the parcel in their pleadings. *Alia Corp.*, 842 F. Supp. 2d at 1250 (Rule 12(e) is not to be used for pleadings "merely lacking detail.").

///

*Show Cause Regarding Lack of Protectable Interest*

Despite the Court's ruling denying the motion for a more definite statement, there is a more fundamental problem that the parties have not addressed. Plaintiffs' first two causes of action are alleged as violations of the U.S. Constitution, brought under § 1983. Plaintiffs claim violations of their Fifth and Fourteenth Amendment rights, ultimately identifying marijuana as the substance seized by the County. However, "no person can have a legally protected interest in contraband per se, [and] because marijuana is contraband per se *under federal law* . . . no person can have a cognizable legal interest in it." *Staffin v. Cty. of Shasta*, 2013 WL 1896812, at *4 (E.D. Cal. May 6, 2013). Therefore, the Court will order Plaintiffs' to show cause why these two causes of action should not be dismissed for failure to state a claim on which relief might be granted due to a lack of a federally protected interest.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants motion for a more definite statement (Doc. No. 9) is DENIED;
2. Plaintiffs have until March 23, 2018 to show cause why this case should not be dismissed for failing to state a claim on which relief might be granted;
3. If Defendants wish to respond to the motion to show cause, they will have until March 30, 2018 to do so.

IT IS SO ORDERED.

Dated: March 14, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] Plaintiffs' remaining five causes of action are based solely on California state law. If Plaintiffs fail to show cause as ordered, the Court will dismiss the two federal causes of action and decline jurisdiction of the state law claims, pursuant to 28 U.S.C. § 1367(c)(3).