# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO TORRES, and MATTHEW URIBE;<br><br>**Plaintiffs**<br><br>v.<br><br>COUNTY OF CALAVERAS, a California general law county; RICHARD DiBASILIO, in his individual and official capacity as Calaveras County Sheriff; JOSHUA CRABTREE, in his individual and official capacity as Calaveras County Deputy Sheriff; and DOES 1 thru 20,<br><br>**Defendants** | CASE NO. 1:17-CV-1568 AWI-SKO<br><br>ORDER ON COURT'S INSTRUCTION TO SHOW CAUSE CONCERNING DISMISSAL<br><br>(Doc. No. 17) |

Plaintiffs have alleged multiple violations of their civil rights under Federal and California law, all arising from Defendants' alleged seizure and destruction of approximately 5,000 pounds of marijuana from a cultivation site located in Calaveras County, CA. *See, generally,* Plaintiffs' Complaint.

On March 14, 2018, the Court ordered Plaintiffs to show cause why their case should not be dismissed for failure to claim a federally protectable property interest, as Plaintiffs' Fifth Amendment takings claim and Fourteenth Amendment procedural due process claim are based on the alleged seizure marijuana—*per se* contraband under federal law. Plaintiffs have responded to the Court's order, and Defendants have filed a reply. See Doc. No.'s 18 and 19.

For the reasons that follow, Plaintiffs' complaint will be dismissed with leave to amend.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

On or about October 28, 2016, Defendants seized and destroyed approximately 5,000 pounds of marijuana from a cultivation site located in Calaveras County, California. *See* Plaintiff's Complaint, at ¶ 2. The complaint alleges Plaintiffs had been cultivating marijuana at this site pursuant to California state law and various Calaveras County regulatory ordinances. *See, generally, Id*. Plaintiffs aver that Defendants had become aware of the cultivation activities weeks prior to the seizure, but instead of obtaining a warrant, Defendants summarily abated the site during a compliance inspection. *Id*. at ¶ 30. Plaintiffs' complaint also alleged that "Defendants targeted Plaintiffs because they employed workers from 'Hispanic' countries, some of whom may not have been lawful United States residents at the time of the alleged incident." *Id*. at ¶ 34.

Plaintiffs filed a complaint raising seven distinct causes of action concerning these events. The first two causes of action were for violations of the Fifth and Fourteenth Amendment U.S. Constitution. *Id*. at ¶¶ 39-49. The core allegation for these two claims read as follows:

> In seizing and destroying Plaintiffs' personal property without advance notice or an opportunity for a hearing, Defendants acted under color of state and municipal law to deprive Plaintiffs, as alleged herein, of certain rights secured by the Fifth and Fourteenth Amendments of the United States Constitution, including, but not limited to: (a) the right to be free from *denial of property without due process*; (b) the right to just compensation for the *governmental taking of personal property*; (c) the right to *equal protection of the law*; and (d) the right to be free from *discriminatory law enforcement*.

Id. at ¶ 40, 45 (emphasis added). Plaintiffs' five remaining causes of action were for violations of the California Constitution, the Bane Civil Rights Act (Cal. Civil Code § 52.1), and conversion under California common law. *Id*. at ¶¶ 50-86.

After Defendants filed a Rule 12(e) motion for a more definite statement, the Court ordered Plaintiffs to show cause why the two federal causes of action should not be dismissed due to a lack of a federally protected interest, and why the remaining State law claims should not be dismissed under 28 U.S.C. § 1367(c)(3).

///

---

[1] These facts derive from Plaintiff's first amended complaint, and are construed in the light most favorable to Plaintiff. *Faulkner v. ADT Sec. Servs*., 706 F.3d 1017, 1019 (9th Cir. 2013).

**DISCUSSION**

*Legal Standard*

"A district court may dismiss an action on its own motion for failure to state a claim but only after the court takes the proper procedural steps." *Franklin v. State of Oregon State Welfare Division*, 662 F.2d 1337, 1340–1341 (9th Cir. 1981). Pertinent to the facts of the case, "the court must notify the plaintiff of the proposed action and afford him an opportunity to submit written argument in opposition. In addition, the court must give a statement of the reasons [for dismissal], and an opportunity to amend unless the complaint is clearly deficient." *Id.* at 1341.

*Analysis*

A. *Plaintiffs' Have No Federally Protected Interest in Contraband*

As the Court informed Plaintiffs in its order to show cause, Plaintiffs claim violations of their Fifth and Fourteenth Amendment rights—ultimately identifying marijuana as the substance seized by the County. However, "no person can have a legally protected interest in contraband *per se*, [and] because marijuana is contraband *per se under federal law* . . . no person can have a cognizable legal interest in it." *Staffin v. Cty. of Shasta*, 2013 WL 1896812, at *4 (E.D. Cal. May 6, 2013) (emphasis added). To this end, courts in this district have dismissed 'marijuana as property' cases brought under the Fourteenth Amendment. *See Id.*; *see also Barrios v. County of Tulare,* 2014 WL 2174746 (E. D. Cal. May 23, 2014) ("Although California may provide [plaintiff] with the right to possess medical marijuana, federal law does not. Because marijuana is contraband under federal law, [plaintiff] had no property interest in the marijuana [such that it is] protected by the Fourteenth Amendment due process clause."); *Schmidt v. County of Nevada*, 2011 WL 2967786 (E. D. Cal. July 19, 2011) (finding that under federal law, marijuana is indisputably illegal and contraband *per se*). The same principle holds true for any governmental taking of personal property under the Fifth Amendment. "The Takings Clause does not entitle all aggrieved owners to recompense, only those whose property has been taken for a public use [and] Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." *Akins v. United States*, 82 Fed. Cl. 619, 622 (Fed. Cir. 2008) (finding the government's seizure of an illegal machine gun not a taking under the Fifth

Amendment) (quoting *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1152-53 (Fed. Cir. 2008) (applying the police power doctrine in the context of an alleged physical taking)); *see also Conejo Wellness Ctr., Inc. v. City of Agoura Hills*, 2013 WL 1278414, at 15 (Cal. Ct. App. Mar. 29, 2013) (noting the differences between procedural due process under the United States and California Constitutions).

Here, Plaintiffs' first two causes of action allege violations of their Fifth and Fourteenth Amendment rights, based on their claim to a property right in marijuana. As such, the Court dismisses these claims for failure to state a legally protected property interest. *Staffin*, 2013 WL 1896812; *Barrios,* 2014 WL 2174746; *Schmidt v. County of Nevada*, 2011 WL 2967786.

Plaintiffs' remaining claims raise issues related to marijuana cultivation under California law (and, associated violations of Plaintiffs' rights under the California constitution), and the Court finds that a California court is more suited to resolve these novel issues. Thus, the Court deems this an exceptional circumstance, and finds compelling reasons to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See Id.* at *6 (citing 28 U.S.C. § 1367(c)(4)). Further, even if Plaintiffs choose to amend their complaint to properly plead a selective law enforcement claim (as discussed in Section B), the Court would still decline to exercise supplemental jurisdiction of the five California state law claims due to the fact that they would substantially predominate over this new federal claim. See § 1367(c)(2); *see also Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017) (dismissing plaintiff's state law claim under § 1367(c)(2) because it substantially predominates over his federal claim as well as under § 1367(c)(4) due to the substantial and novel differences between the governing state and federal laws).

*B. Leave to Amend Concerning Equal Protection Cause of Action*

In response to the Court's order to show cause, Plaintiffs contend they have also alleged a question of whether Plaintiffs were victims of discriminatory law enforcement on the basis of ethnicity/national origin. See Plaintiffs' Complaint, at ¶ 40, 45. Plaintiffs allege Defendants targeted them "because they employed workers from 'Hispanic' countries, some of whom may not have been lawful United States residents at the time of the alleged incident. *Id.* at ¶ 34.

The U.S. Supreme Court has described a cause of action for "selective enforcement" as one arising under the equal protection clause of the Fourteenth Amendment, and concerns whether enforcement of the law was based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *U.S. v. Armstrong*, 517 U.S. 456, 464 (1996). "A defendant may demonstrate that the administration of a criminal law is 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that the system of prosecution amounts to 'a practical denial' of equal protection of the law." *Id*. (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)). Selective enforcement claims "draw on ordinary equal protection standards," which requires a showing that the enforcement "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. The plaintiffs must belong to a protected class, such as race, and must demonstrate that "similarly situated individuals of a different race were not prosecuted." *Id*.; *Rosenbaum v. City and County of San Francisco*, 484 F.3d 1142 (9th Cir. 2007) (discussing an equal protection cause of action for selective enforcement of the law between similarly situated classes of people); *United States v. Mumphrey*, 193 F.Supp.3d 1040 (N.D. Cal. 2016) (allowing parties to explore a selective enforcement claim against law enforcement officers, where the defendants "have shown some evidence that similarly situated individuals of a different race were not targeted by law enforcement.").

Here, though the heart of Plaintiffs' claims concern marijuana cultivation, Plaintiffs have eluded to elements of a selective enforcement claim in their complaint, despite failing to plead sufficient facts to plausibly support it. In their response to the motion to show cause, Plaintiffs contend "Defendant DiBasilio emphasized that the workers at the subject site were from 'Hispanic' countries." See Doc. No. 18, at p.3. Selective enforcement of the law based on race could fit the contours of an equal protection claim if properly alleged. The Court is unsure whether Plaintiffs are a part of the alleged protected class (and therefore whether they have standing to bring such a claim), but out of an abundance of caution will allow for amendment of the complaint to allege a selective law enforcement claim against Defendants, should Plaintiffs so choose. If Plaintiffs decide instead to press their California claims in California state court, they may do so, as this Court makes no judgment as to the viability of those claims in our sister court.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' first and second causes of action concerning their property right in marijuana, brought under the Fifth and Fourteenth Amendments, are dismissed with prejudice;
2. Because the Court declines to exercise jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367(c), Plaintiffs' third, fourth, fifth, sixth, and seventh causes of action are dismissed without prejudice but without leave to amend;
3. Plaintiffs may file an amended complaint within 14 days to allege a cause of action for selective enforcement, as discussed in this Order; and
4. If Plaintiffs do not file an amended complaint within 14 days, leave to amend will be withdrawn and Plaintiffs' case will be closed.

IT IS SO ORDERED.

Dated:   April 12, 2018               _____
                                      SENIOR DISTRICT JUDGE